# CIRCUIT COURT OF THE CITY OF RICHMOND

Commonwealth of Virginia

v.

Corde Hodges

November 13, 2002

Case Nos. 02-1075-F and 02-1076-F

BY JUDGE MARGARET POLES SPENCER

This matter is before the Court on Defendant's Motion to Suppress statements made to the police. The issue is whether the waiver of *Miranda* rights by a sixteen year old defendant who was deemed incompetent to stand trial, was made knowingly, intelligently, and voluntarily.

Defendant claims that the waiver was not valid because he lacked the capacity to understand his Fifth Amendment rights, as well as the consequences of waiving those rights. Defendant further points out that his guardian was not present during the November 22, 2001 interview; defendant had no prior contact with the criminal justice system; he was found incompetent to stand trial in January 2002; and he has a very poor academic record.

## *Standard of Review*

The Court recognizes that the Commonwealth has a heavy burden in admitting the Defendant's statements. *Miranda v. Arizona*, 384 U.S. 436, 475 (1966). The government may not use statements obtained during custodial interrogation of an accused unless it warns him prior to that questioning of his right to remain silent and his right to have an attorney present during questioning. *Fare v. Michael C.*, 442 U.S. 707, 717 (1979). The standard to be applied in determining a statement's voluntariness is whether the statement is the "product of an essentially free and unconstrained choice by its maker" or

whether the maker's will "has been overborne and his capacity for self-determination critically impaired." *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973). In addition, confessions by juvenile defendants require especially close scrutiny. *Haley v. Ohio*, 332 U.S. 596, 599 (1947). However, the Court looks to the totality of the circumstances, including the defendant's background and experience, as well as the conduct of the police conducting the interrogation. *Correll v. Commonwealth*, 232 Va. 454 (1987). In the case of a juvenile defendant, the Court will consider factors such as age, education, and intelligence, as well as the capacity to understand the *Miranda* warnings, the nature of his Fifth Amendment rights, and the consequences of waiving those rights. In order to admit into evidence a juvenile defendant's statements, the Court must find that the police officer took care to ensure that the defendant understood his rights. *Commonwealth v. Brown*, 2002 Va. App. LEXIS 314 (2002).

## *Facts and Analysis*

The defendant is sixteen years old. He is a ninth grade student in the Richmond public schools. He is currently repeating the ninth grade, but this is due to truancy. He has never been in special education classes. His intelligence is sufficient for participation in an interview with a psychologist in January 2002, but it is significantly below average and is likely in the borderline range based on his vocabulary. The defendant has had no prior contact with the criminal justice system.

The defendant was accompanied by his uncle, who is also his guardian, when he went to the police station on November 22, 2001. The defendant's uncle agreed to allow Detective Henry to question the defendant while the uncle waited outside the interview room. Detective Henry did not handcuff the defendant, and he knew that the defendant's uncle was just outside during the interview. The length of the interview was less than thirty minutes. Detective Henry asked each question in a normal tone of voice, and he looked up to hear the defendant's response before moving on to another question. Detective Henry made no threats, nor did he use coercion. Defendant appeared alert and attentive, and Detective Henry believed that Defendant understood his questions.

After considering the testimony, demeanor, and appearance of the witnesses, the Court now makes a specific finding of fact that Detective Henry did take care and did use caution to assure that the Defendant understood his rights. Furthermore, Detective Henry exercised great care to see that Defendant's rights were protected. He was conscious of the age of Defendant,

he used simple language, and he was careful to pause after each question to make sure that Defendant understood before proceeding.

A juvenile's confession is not *per se* invalid because there is no adult present. *Grogg v. Commonwealth*, 6 Va. App. 598, 613 (1988). In the *Grogg* case, the fifteen year old defendant had no adult member of his family with him, either in or out of the interview room, yet the court ruled that his inculpatory statement was admissible. Grogg was questioned for an hour by three police officers, and the officers used no threats or coercion in eliciting Grogg's confession. Furthermore, the officers "made a conscious effort to ensure that he understood his rights." *Id.* at 616. Courts have consistently held that the absence of either a parent or an attorney weighs against admission of a juvenile's confession, but it remains only one of many factors the court will consider when looking at the totality of the circumstances. The court must also consider the circumstances surrounding the encounter, as well as the duration of the questioning. *See Lamb v. Commonwealth*, 217 Va. 307, 311 (1976).

Under the circumstances in the present case, the Court now finds that the defendant was questioned for a short period in a non-threatening atmosphere. The detective made sure that the defendant understood his rights, and unlike the defendant in *Grogg*, this defendant knew that his uncle was waiting outside the room and available if needed. Therefore, the absence of a parent or attorney during the questioning is not a basis for finding the defendant's confession inadmissible.

Addressing Defendant's intelligence and ability to understand, the Court finds that Defendant did not have a significant mental defect. He demonstrated academic deficiency, but this did not amount to a mental defect, such as that in *Commonwealth v. Brown*, where the juvenile defendant was "borderline retarded." 2002 Va. App. LEXIS 314 (2002).

Although the Defendant was initially found incompetent to stand trial in January 2002, he was restored to competency by late February 2002. The initial finding of incompetence was based on his understanding of the rules of courtroom personnel, as well as the procedures inherent to trial. Defendant did understand that he had a right to an attorney. He could correctly define "guilty" and "not guilty," but he did not understand the concepts of burden of proof or reasonable doubt.

The Court finds that the Defendant does not have a mental deficiency. A defendant's "youth and intelligence level [do] not make the confession involuntary as a matter of law." *Vance v. Bordenkircher*, 692 F.2d 978 (4th Cir. 1982). In determining whether a juvenile defendant's waiver was knowing and intelligent, courts look at the "juvenile's age, experience, background, and intelligence ... and whether he has the capacity to understand

the warnings given him, the nature of his Fifth Amendment rights, and the consequences of waiving those rights." *Fare v. Michael C.*, 442 U.S. 707, 723 (1979) (*citing North Carolina v. Butler*, 441 U.S.369 (1979). The Court cannot equate Defendant's ability to assist counsel, based on his ignorance of the trial process, with the Defendant's ability to understand *Miranda* warnings.

Based on the above findings, it is therefore ordered that the Defendant's Motion to Suppress be denied.